UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANAMAN GRANT,

                       Petitioner,          05 Civ. 8994 (RPP)
                                                    03 Cr. 725 (RPP)
      - against -

                                                    **ORDER**

UNITED STATES OF AMERICA,

                       Respondent.
------------------------------------------------------------X

**Robert P. Patterson, Jr., U.S.D.J.**

*Pro se* petitioner, Manaman Grant ("Grant" or "Petitioner") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255 on the ground that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

**BACKGROUND**

On May 7, 2003 this prosecution was initiated by a complaint signed by DEA Agent Christopher Balchon, which stated that on the basis of conversations with two cooperating witnesses and recorded conversations of Grant, Grant had distributed ten kilograms of cocaine and 3 kilograms of heroin to a witness in January of 2003 and had been supplying the witness with, on average, 10 kilograms of cocaine a month as well as regular quantities of heroin since 1996. Complaint at 1-4.

On June 5, 2003 a four count Indictment, S1 03 Cr. 725 (RPP) (the "Indictment"), was filed, charging that Grant (i) had conspired between 1996 and 2004 to distribute and possess with intent to distribute more than one kilogram of heroin and more than five kilograms of cocaine; (ii) had distributed and possessed with intent to distribute

approximately one kilogram of heroin in January 2003; (iii) had distributed and possessed with intent to distribute approximately five kilograms and more of cocaine in January 2003; and (iv) had committed money laundering, in violation of Title 21, United States Code, §§ 846, 812, 841(a)(1) and 814(b)(1)(A), and Title 18, United States Code, §§ 1957 and 2. The Indictment also contained a forfeiture allegation requiring the forfeiture of drug proceeds up to $1,000,000 and proceeds of money laundering up to $190,000.

On January 9, 2004, Grant pled guilty to the Indictment pursuant to a plea agreement with the Government. Plea Allocution Transcript ("Tr.") at 14, 16, 18, 20. In that plea agreement, Grant and the Government stipulated that the relevant conduct for which Grant would be sentenced involved his distribution of approximately seven kilograms of heroin and approximately fifteen kilograms of cocaine, resulting in a base offense level of 36, pursuant to section 2D1.1(c)(2) of the United States Sentencing Guidelines ("U.S.S.G.") and a three-level adjustment pursuant to U.S.S.G. § 3E1.1(a) & (b) for Grant's timely notification of his intent to plead guilty and for his acceptance of responsibility, yielding a total offense level of 33. Plea Agreement ("Plea Agmt."), dated Jan. 5, 2004, at 3, 4. Grant and the Government agreed that Grant had a Criminal History category of I, and that if his motion for a three level reduction under U.S.S.G. § 3E1.1(b)(2) was granted, his stipulated Guidelines range was 135 to 168 months of imprisonment. Id. at 4. Grant also agreed to forfeit proceeds from his drug dealing of approximately $1,000,000 and the proceeds from his money laundering of $190,000. Id. at 4-5. [1]

---

[1] In consideration for Grant's plea, the Government agreed not to further prosecute Grant criminally (except for criminal tax violations for which the U.S. Attorney's Office cannot make any agreements) for his involvement in Counts One, Two, and Three of the Indictment, and for engaging in monetary transactions

Grant also agreed that he "[would] not file a direct appeal from, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guidelines Range" of 135-168 months. Id. at 5.

On September 28, 2004, in accordance with the plea agreement, this Court sentenced Grant to 135 months in prison on Counts One, Two, and Three and a concurrent sentence of 120 months on Count Four to be followed by five years of supervised release and a mandatory special assessment of $400 — $100 on each count. Sept. 28, 2004 Sentencing Transcript ("Sentencing Tr.") at 23. The Court also notified the Defendant as follows:

> Since there was a plea agreement, Mr. Schneider probably cannot file a notice of appeal on your behalf, Mr. Grant. So if you wish to file a notice of appeal you must do it yourself. All you have to do is write a letter to the court, the Southern District of New York, 500 Pearl Street, saying you wish to appeal your sentence or your conviction, and that is sufficient. But if you don't do it within ten days of today, you waive your right, and the Court of Appeals won't hear your appeal. So the notice of appeal has to be received within that ten-day period. So if you wish to do that, please do it yourself. Don't rely on Mr. Schneider to do it for you.

Id. at 26. Neither Grant nor his attorney filed a notice of appeal.

On October 24, 2005, despite his waiver in his plea agreement, on Grant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Grant's Memorandum of Law in Support of § 2255 Petition ("Grant Mem."). On March 23, 2006, the Government filed a letter in opposition to Grant's *pro se* petition, contending that by pleading guilty pursuant to a plea agreement that provided that he would not engage in post-judgment litigation, Grant waived his right to bring the motion.

---

in property derived from the proceeds of Petitioner's narcotics transactions as charged in Court Four of the Indictment.

Government's Response, dated March 23, 2006, at 5-8. The Government further contends that Grant's other claims of ineffective assistance of counsel are without merit. Id. at 8-17. Grant filed a Rebuttal to the Government's Reply ("Grant Rebuttal") on May 1, 2006

**Counsel's Failure to File a Notice of Appeal**

While the majority of counsel's post plea actions are irrelevant due to Grant's knowing and voluntarily waiver of his right to appeal, see Frederick v. Warden, 308 F.3d 195-196, Grant's claim that his counsel refused to file a notice of appeal despite a request by Grant's wife, who had held his power of attorney, is relevant to his claims of violations of his Fourth, Firth, and Sixth Amendment rights. Grant Mem. at 24. In support of this assertion, Grant provides an affidavit from his wife, Debora Menjivar, in which she states that she "phoned Attorney Schneider and instructed him to file a notice of appeal" but was told "no, since you have a plea agreement you can't file an appeal, he would be wasting his time." Menjivar Affidavit at 2. Mr. Schneider responded in an affidavit in which he states:

> It is my recollection that at no time after Mr. Grant's sentencing did Mr. Grant or his wife request that I file a notice of appeal or appeal on his behalf. In fact, prior to sentencing, I explained to Mr. Grant that the terms of the plea agreement entered into between the Government and Mr. Grant would foreclose Mr. Grant's right to appeal, should he be sentenced within the 135 to 168 month sentencing range stipulated in the agreement.

Schneider Affidavit at 6.

The Second Circuit's recent decision in U.S. v. Campusano, 442 F.3d 770 (2d Cir. 2006), considered whether "an attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective when the client waived appeal in his plea agreement." Id. at 771. The Second Circuit concluded that even in cases in which

4

Defendants have voluntarily waived their right to an appeal pursuant to a plea agreement, the Supreme Court created a *per se* rule in Roe v. Flores-Ortega, 528 U.S. 470 (2000), "that failure to file a requested notice of appeal constitutes ineffective assistance of counsel." Campusano, 442 F.3d at 772. The Second Circuit went on to direct the District Court as follows:

> When a defendant claims that his attorney failed to file a request notice of appeal, the following proceedings will ensue: (1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant in fact requested that a notice of appeal be filed. We require the district court to hold a hearing without assessing the merits of the requested appeal.

Id. at 776.

In light of the Second Circuit's recent decision in Campusano, this Court will conduct an evidentiary hearing to determine whether Grant's wife did in fact instruct Schneider to file an appeal.

**CONCLUSION**

In view of this ruling, decision on Defendants' motion pursuant to 28 U.S.C § 2255 to vacate, set aside, or correct his sentence is reserved, as it first requires an evidentiary hearing solely on the issue of Grant's claim that his attorney refused to file an appeal on his behalf. The hearing will be held on August 28, 2006 at 9:30 a.m.

IT IS SO ORDERED

Dated: New York, New York
July 28, 2006

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

*Petitioner, Pro-Se*
Manaman Grant
# 51795 – 054, Montgomery Unit
F.P.C. Maxwell Air Force Base
Montgomery, Alabama 36112

*Counsel for the Government*
Michael J. Garcia, United States Attorney
Southern District of New York
Attn: Benjamin M. Lawsky
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1036

.